IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD STONE | § | |
| | § | |
| V. | § | A-17-CA-875-SS |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

## ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Docket Entry "DE" 1); Petitioner's supplement (DE 5); Respondent's Answer (DE 8); and Petitioner's reply (DE 10). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, Petitioner's application for writ of habeas corpus is denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause number 93,950. After pleading guilty, Petitioner was convicted of aggravated robbery with a deadly weapon alleged to have occurred on or about July 21, 1988. The court sentenced Petitioner to 30 years' imprisonment on February 27, 1989.

Petitioner does not challenge his holding conviction. Rather, Petitioner challenges the calculation of his sentence and his parole revocation.

Respondent asserts on March 7, 2004, Petitioner was released on parole subject to certain conditions. The Board of Pardons and Paroles revoked Petitioner's parole on April 21, 2016.

Petitioner challenged the calculation of his sentence in a state application for habeas corpus relief. *Ex parte Stone*, Appl. No. 14,593-04. The Texas Court of Criminal Appeals denied it without written order on November 2, 2016.

Petitioner filed a second state application for habeas corpus relief. *Ex parte Stone*, No. 14,593-05. The Texas Court of Criminal Appeals dismissed the application as successive on February 15, 2017.

**B.  Grounds for Relief**

Construing Petitioner's claims liberally, Petitioner argues:

1. He has completed his 30-year sentence by adding his work time plus his flat time;

2. The technical grounds supporting the revocation of his parole were insufficient to warrant revocation;

3. He is serving his sentence in installments; and

4. The law in effect at the time he committed aggravated robbery with a deadly weapon did not allow for the loss of street time.

**C.  Exhaustion of State Court Remedies**

Respondent contends Petitioner has not exhausted his state court remedies with respect to his first and second claims and argues those claims are procedurally defaulted. Alternatively, Respondent argues those claims, as well as Petitioner's other claims, are without merit.

A court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). As explained below, Petitioner's habeas claims are without merit.

2

# DISCUSSION AND ANALYSIS

## A. The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under

3

§ 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of

§ 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

### 1. Sentence Calculation

The law in this Circuit firmly establishes time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held by violating parole or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision before the violation. *See Cortinas v. United States Parole Comm'n*, 938 F.2d 43 (5th Cir. 1991); *Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir.), *cert. denied*, 493 U.S. 856 (1989); *United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983); *Starnes v. Cornett*, 464 F.2d 524 (5th Cir.), *cert. denied*, 409 U.S. 987 (1972); *Betts v. Beto*, 424 F.2d 1299 (1970).

Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. *See Coronado v. United States Board of Parole*, 540 F.2d 216, 218 (5th Cir. 1976); *Sturgis v. United States*, 419 F.2d 390 (5th Cir. 1969). Petitioner violated the terms of his parole, and as a result, lost any credit for the time

he spent on parole. He is not being forced to serve more than his 30-year sentence, his sentence has not been extended, and he has not been subjected to double jeopardy.

Petitioner also is not unlawfully serving his sentence in installments. Any interruption in Petitioner's sentence is a direct consequence of Petitioner's violation of the conditions of parole.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole. The Texas parole statute in effect at the time the controlling offense was committed (July 21, 1988) provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. GOV'T CODE ANN. § 508.156(e) (Vernon 1988). Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole.

Finally, even under the Texas statute addressing street-time credit in effect in 2016, at the time of Petitioner's revocation, Petitioner is not entitled to credit. That statute reads in pertinent part:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount to time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283 (West 2016). Therefore, before an inmate can be entitled to restoration of street-time credit, he must not be serving a sentence for, and must not previously have been convicted of, a crime described in section 508.149(a) of the Texas Government Code.

The Texas Court of Criminal Appeals has held "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *see also Ex parte Johnson*, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, i.e., whether at such time he is serving a sentence for or has been previously convicted of an offense which makes him ineligible for mandatory supervision).

Petitioner is currently serving a sentence for aggravated robbery with a deadly weapon, one of the offenses listed in section 508.149(a) of the Texas Government Code. *See* TEX. GOV'T CODE § 508.149(a)(12). Because at the time of his parole revocation, Petitioner was a person described in § 508.149(a), he was not entitled to street-time credit on his sentence for time spent on parole prior to revocation. Accordingly, Petitioner's claims regarding the calculation and serving of his sentence do not warrant federal habeas relief.

2.  **Revocation of Parole**

Petitioner appears to argue parole cannot be revoked for only "technical violations." Petitioner's parole was revoked because he failed to reside in a specified place as approved by his

supervising parole officer and he failed to go directly to and reside in the facility designated by his parole officer. Contrary to Petitioner's beliefs, parole may be revoked for "technical violations." *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993).

## CONCLUSION

Petitioner has failed to assert a valid claim for habeas corpus relief. To the extent Petitioner raised his claims in state court he has failed to show the state court's denial of relief during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state habeas corpus proceedings.

It is therefore **ORDERED** that Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (DE 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, as Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by FED. R. APP. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

SIGNED this 27th day of November 2017.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE